UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-21828-CIV-GAYLES/TURNOFF

**LUIS ENRIQUE DANIEL**,

    Plaintiff,

v.

**ANOUCHKA CASTRO,** *et al.*,

    Defendants.
_____/

## ORDER DISMISSING CASE

**THIS CAUSE** comes before the Court upon Defendants' Motion to Dismiss the First Amended Complaint for Lack of Subject-Matter Jurisdiction and for Failure to State a Claim [ECF No. 9]. Defendants move the Court to dismiss the Complaint for lack of subject-matter jurisdiction under Federal Rule 12(b)(1) and for failure to state a claim for which relief can be granted under Federal Rule 12(b)(6). [*Id.* at 1]. The Court has carefully reviewed the Motion, the parties' submissions, the record, and the applicable law. For the reasons set forth below, the Defendants' Motion to Dismiss is granted.

### I. Background[1]

Plaintiff Luis Enrique Daniel ("Mr. Daniel") is a native and citizen of Cuba whose application to Adjust Status to Lawful Permanent Resident ("Application") was denied on April 10, 2013, by the United States Citizenship and Immigration Services ("USCIS"), a division within the United States Department of Homeland Security ("DHS"). [ECF No. 1 at ¶¶ 5, 13–15; ECF No. 1-3].

---

[1] The Court takes the allegations from the Complaint [ECF No. 1] as true for purposes of the Motion to Dismiss. *See Brooks v. Blue Cross & Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997).

1

The USCIS provided Mr. Daniel with a three-page written Decision ("Adjustment Decision"), which explained the legal and discretionary reasons for denying the Application. [ECF No. 1-3]. In evaluating Mr. Daniel's Application, the USCIS relied on the Form I-485 submitted by Mr. Daniel in April 2011 and on Mr. Daniel's interview before an Immigration Services Officer in March 2013. [*Id.* at 1]. First, the USCIS determined that Mr. Daniel was "eligible for adjustment of status." [*Id.* at 2]. However, based on its evaluation of the favorable factors and the adverse factors in Mr. Daniel's Application and interview, the USCIS determined that Mr. Daniel "ha[d] not met the burden of demonstrating to USCIS that [he] warrant[ed] a favorable exercise of discretion." [*Id.* at 2].

The USCIS advised Mr. Daniel that, while he could not appeal the adverse Adjustment Decision, he was free to "file a motion to reopen or a motion to reconsider using Form I-290B." [*Id.* at 3]. Accordingly, Mr. Daniel filed a Motion to Reconsider with the USCIS office in Miami, Florida, in June 2013. [ECF No. 1 at ¶ 17]. In his Motion to Reconsider, Mr. Daniel sought to clarify the "alleged adverse factors" from his Application and interview as applied in the USCIS written decision, "believ[ing] that it will help USCIS reconsider its decision." [ECF No. 1-4 at 2]. The USCIS reviewed the Motion to Reconsider and denied it on October 4, 2013. [ECF No. 1-5]. The USCIS "Decision on Service Motion to Reopen" ("Reopen Decision") provided the following conclusion:

> The Service has thoroughly and carefully reviewed your [Mr. Daniel's] Motion and supporting documents, and it was determined that no new facts, or documentary evidence was filed.
>
> As the Field Office Director's original decision denying adjustment of status appears to be correct and supported by case law, the motion is denied. The previously issued decision remains undisturbed.

[*Id.*]. Mr. Daniel challenges the procedural sufficiency of the Reopen Decision in the present action. [ECF No. 1 at ¶¶ 19–33].

**II. Legal Standard**

   A.  *Rule 12(b)(1) Motion*

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "A district court must have jurisdiction under at least one of the three types of subject-matter jurisdiction: (1) jurisdiction pursuant to a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." *Butler v. Morgan*, 562 F. App'x 832, 834 (11th Cir. 2014) (citation omitted). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377 (citations omitted).

"[A] motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) can be based upon either a facial or factual challenge to the complaint." *McElmurray v. Consol. Gov't of Augustana-Richmond Cty.*, 501 F.3d 1244, 1251 (11th Cir. 2007) (citing *Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir. 1981). A facial challenge provides Plaintiff with similar safeguards to those of a Rule 12(b)(6) motion, and "the court must consider the allegations in the plaintiff's complaint as true." *Id.* In considering a facial attack on the complaint, the court must look to whether the plaintiff has "sufficiently alleged a basis of subject matter jurisdiction." *Id.* The court can consider the complaint as well as the attached exhibits. *Id.*

   B.  *Rule 12(b)(6) Motion*

Dismissal under Rule 12(b)(6) "is appropriate where it is clear the plaintiff can prove no set of facts in support of the claims in the complaint." *Glover v. Liggett Grp., Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006) (citation omitted). The court may dismiss under Rule 12(b)(6) "when on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action."

*Id.* (quoting *Marshall County Bd. of Educ. v. Marshall Cty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993)). Indeed, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). As in a facial attack under a Rule 12(b)(1) motion, "the analysis of a 12(b)(6) motion is limited primarily to the face of the complaint and attachments thereto." *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1368 (11th Cir. 1997). "[T]he complaint must be construed in a light most favorable to the plaintiff and the factual allegations taken as true." *Id.* at 1369. "The pleadings must show, in short, that the Plaintiffs have no claim before the 12(b)(6) motion may be granted." *Id.* at 1369.

### III. Discussion

    A. *This Court lacks jurisdiction to consider Mr. Daniel's claims because the INA precludes judicial review of discretionary decisions on adjustment applications.*

Defendants argue that this Court lacks jurisdiction to consider Mr. Daniel's claims because Mr. Daniel is challenging a discretionary denial of his adjustment of status application, a challenge explicitly precluded by the Immigration and Nationality Act ("INA"). [ECF No. 9 at 4–6]. Defendants argue that, as a discretionary decision of the Attorney General or Secretary of Homeland Security, denial of an application for adjustment of status is not reviewable by this Court as a matter of law under 8 U.S.C. § 1252(a)(2)(B). [*Id.*].

Mr. Daniel responds that this Court does have subject-matter jurisdiction over his claims because he is not challenging the discretionary denial of his adjustment application but, instead, he is challenging his adverse Reopen Decision for "USCIS' failure to sufficiently explain the reasons for the denial pursuant to 8 C.F.R. 103.2." [ECF No. 12 at 4]. Specifically, Mr. Daniel argues that this Court has subject-matter jurisdiction pursuant to the federal question statute, 28 U.S.C. § 1331, in combination with the Administrative Procedures Act ("APA"), 5 U.S.C. § 701 *et seq.*. [*Id.* at 5]. Mr.

4

Daniel asks the Court to consider his claim of procedural error against the USCIS for its failure to fully explain the reasons for its denial of his Motion to Reconsider in its written Reopen Decision, in violation of 8 C.F.R. §§ 103.2–103.3. [*Id.* at 4–5; ECF No. 1 at ¶ 23].

The APA provides that "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702. The APA further states that "[a]gency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review." § 704. For an agency action to be deemed final, two conditions are required: "First, the action must mark the consummation of the agency's decisionmaking process— it must not be of a merely tentative or interlocutory nature. And second, the action must be one by which rights or obligations have been determined, or from which legal consequences will flow." *Bennett v. Spear*, 520 U.S. 154, 177-78 (1997) (citations and internal quotation marks omitted). "The APA, however, expressly excepts review under its provisions where 'statutes preclude judicial review,' or 'agency action is committed to agency discretion by law.'" *Perez v. USCIS*, 774 F.3d 960, 965 (11th Cir. 2014) (quoting 5 U.S.C. § 701(a)).

The INA specifically provides that "no court shall have jurisdiction to review" either the granting of adjustment of status (under 8 U.S.C. § 1255) or "any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security." 8 U.S.C. § 1252(a)(2)(B). Section 1255 provides for relief in the form of adjustment of status to lawful permanent resident, which Mr. Daniel sought by filing his Form I-485 Adjustment Application. *See* 8 U.S.C. § 1255. Under that section, "[t]he status of an alien who was inspected and admitted or paroled into the United States . . . *may* be adjusted by the Attorney General, in his

*discretion* and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence." § 1255(a) (emphasis added).

Under the INA, district courts retain jurisdiction to review purely legal questions regarding the USCIS's denial of an application for adjustment of status, but not matters of agency discretion. For example, the Third Circuit determined that the INA jurisdictional bar did not remove the district court's jurisdiction to review an immigrant's statutory eligibility for adjustment of status. *See Pinho v. Gonzales*, 432 F.3d 193, 197–98 (3d Cir. 2005). "It is important to distinguish carefully between a denial of an application to adjust status, and a determination that an immigrant is legally ineligible for adjustment of status." *Id.* at 203. "Determination of *eligibility* for adjustment of status—unlike the granting of adjustment itself—is a purely legal question and does not implicate agency discretion." *Id.* at 204. The Eleventh Circuit has recognized and adopted this same principle. *See Mejia Rodriguez v. U.S. Dept. of Homeland Sec.*, 562 F.3d 1137, 1144–45 (11th Cir. 2009) (holding that "*non-discretionary*, statutory eligibility decision made by USCIS fall outside the limitations on judicial review in the INA").

Mr. Daniel's attempt to classify the claims in his Complaint as a challenge to the alleged "USCIS procedural error in adjudicating his Motion to Reconsider," [ECF No. 12 at 3], is nothing more than a game of semantics. Mr. Daniel admits that he "hope[s] that once the Service adequately accounts for the explanations and legal analogies contained in his Motion to Reconsider, the favorable factors will outweigh the negative in USCIS' adjudication process." [*Id.* at 4]. Essentially, Mr. Daniel is asking this Court to exercise jurisdiction to indirectly review the USCIS's discretionary decision to deny his Adjustment Application and his Motion to Reconsider.[2] Statutory

---

[2] For the reasons explained below, *infra* III.B., the Reopen Decision sufficiently addressed the merits of Mr. Daniel's Motion to Reconsider.

law and case precedent prohibit the Court from doing so. Mr. Daniel cannot circumvent this Court's limited jurisdiction simply by masking his claims as procedural error. *See Arias v. U.S. Atty. Gen.*, 482 F.3d 1281, 1284 (11th Cir. 2007) (quoting *Torres–Aguilar v. INS*, 246 F.3d 1267, 1271 (9th Cir.2001)) ("A petitioner may not create the jurisdiction that Congress chose to remove simply by cloaking an abuse of discretion argument in constitutional garb."); *cf. Lee v. USCIS*, 592 F.3d 612, 620 (4th Cir. 2010) ("Although Lee's claim in his amended complaint is carefully worded to avoid expressly challenging the denial of his application for adjustment of status, that is clearly what Lee seeks to do."); *see also Delgado v. Quarantillo*, 643 F.3d 52, 55 (2d Cir. 2011) (holding that an indirect challenge of a removal order is equally precluded under the INA).

Here, Mr. Daniel acknowledges that the USCIS denied his Application as a matter of discretion. [ECF No. 1 at ¶ 10]. He claims, however, that the USCIS's denial of his Motion to Reconsider is non-discretionary. [*Id.*]. The Court disagrees. The Reopen Decision was a discretionary decision in the same way as the Adjustment Decision. After indicating that it had "thoroughly and carefully reviewed" the Motion to Reconsider, the USCIS concluded that the "original decision denying adjustment of status appears to be correct and supported by case law" and that "[t]he previously issued decision remains undisturbed." [ECF No. 1-5]. This Reopen Decision was an extension of the USCIS's discretion to deny Mr. Daniel's Adjustment Application. *See Safadi v. Howard*, 466 F. Supp. 2d 696, 700 (E.D. Va. 2006) ("In sum, § 1255(a) vests USCIS with discretion over the entire process of adjustment application adjudication. As such, § 1252(a)(2)(B)(ii) precludes judicial review of . . . any act or series of acts[] included within the ongoing adjudication process.").

By couching his claim as a legal challenge to the USCIS's procedure in processing his Motion to Reconsider, Mr. Daniel attempts to convince this Court to exercise jurisdiction by

7

presenting a distinction without a difference. The relief sought in this case is review of a discretionary agency decision over which this Court does not have jurisdiction. Accordingly, the Court dismisses the Complaint pursuant to Rule 12(b)(1) for lack of subject-matter jurisdiction.

> B. *Even if this Court were to exercise jurisdiction over Mr. Daniel's case, Plaintiff fails to state a legally cognizable claim because the USCIS explained the reasons for its Reopen Decision in conformity with the required procedural requirements.*

Mr. Daniel asks this Court to declare his Reopen Decision to be "arbitrary, capricious, and contrary to the prescribed regulations" under the statutory requirements of 5 U.S.C. § 706(2)(A). [ECF No. 1 at ¶¶ 3–4]. Mr. Daniel's claim is that the Reopen Decision provided by the USCIS is a "two-sentence conclusory explanation" that does not satisfy the regulatory requirements of 8 C.F.R. § 103.2. [*Id.* at ¶ 27]. Specifically, he contends that the USCIS dismissed his eight-page motion in just two sentences, evidence that the Reopen Decision "was more reactionary than analytical." [*Id.* at ¶ 31]. The USCIS responds that the language of the Reopen Decision sufficiently satisfies the regulation's requirements and that, even if the denial is not as detailed as required, any such procedural error in this case was harmless. [ECF No. 9 at 7–8].

The APA provides that "[t]he reviewing court shall—(1) compel agency action unlawfully withheld or unreasonably delayed; and (2) hold unlawful and set aside agency action, findings, and conclusions found to be— (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; . . . [or] (D) without observance of procedure required by law." 5 U.S.C. § 706. The Supreme Court has recognized that in making discretionary decisions agencies still must follow the prescribed procedures in arriving at a decision. "It is rudimentary administrative law that discretion as to the substance of the ultimate decision does not confer discretion to ignore the required procedures of decisionmaking." *Bennett v. Spear*, 520 U.S. 154, 172 (1997). As explained above, the district court has limited jurisdiction to review certain legal questions regarding

8

applications for adjustment of status.[3] *See, e.g., Serrano v. U.S. Atty. Gen.*, 655 F.3d 1260, 1264 (11th Cir. 2011) (finding review of an applicant's eligibility for adjustment of status under the APA as an "adequate remedy").

When issuing a decision denying an application for adjustment of status, the USCIS must explain the reasons for its denial in writing. *See* 8 C.F.R. § 103.3 ("When a Service officer denies an application or petition filed under § 103.2 of this part, the officer shall explain in writing the specific reasons for denial."). Here, the USCIS provided Mr. Daniel with a three-page written explanation of the initial denial of his Application in its Adjustment Decision. [ECF No. 1-3]. That decision explained that while Mr. Daniel was statutorily eligible for adjustment of status, the USCIS was denying his application as an "exercise of discretion" after balancing the adverse and favorable factors in his case. [*Id.* at 1–2]. The USCIS then provided a detailed rationale for its denial, including seven bulleted adverse factors such as Mr. Daniel's past employment in Cuba and his prior removal order in immigration court. [*Id.* at 2]. The USCIS balanced those negative factors against the favorable factors, such as Mr. Daniel's non-criminal record and his family ties in this country. [*Id.*]. Ultimately, the USCIS denied Mr. Daniel "a favorable exercise of discretion in light of the adverse factors." [*Id.*].

The Reopen Decision challenged in this case satisfies the regulatory requirements. It is a rudimentary principle of appellate review that a reviewing jurisdictional body can summarily affirm a lower tribunal's decision under certain circumstances. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969) (stating that summary disposition is necessary and proper where "the position of one of the parties is clearly right as a matter of law so that there can be no

---

[3] As outlined above, *supra* III.A., the Court considers that the Reopen Decision challenged in this case is a discretionary agency action explicitly excluded from judicial review by the INA. However, for sake of argument, the Court is considering the merits of Mr. Daniel's claim as they equally warrant an order of dismissal.

substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous").[4] The USCIS exercised its discretion and denied Mr. Daniel's Application with a detailed three-page explanation. [ECF No. 1-3]. Mr. Daniel appealed through his Motion to Reconsider. [ECF No. 1-4]. Upon review of the Motion to Reconsider, the USCIS issued its Reopen Decision, which indicated that the USCIS had "thoroughly and carefully reviewed [the] Motion and supporting documents" and that "[t]he previously issued decision remains undisturbed." [ECF No. 1-5]. By indicating that it had "thoroughly and carefully reviewed" the record in Mr. Daniel's case and that "the Field Office Director's original decision denying adjustment of status appears to be correct and supported by case law," the USCIS satisfied the requirements of 8 C.F.R. § 103.3 to "explain in writing the specific reasons for denial."

Here, it was within the USCIS's discretion to review Mr. Daniel's file, previous agency decision, Motion to Reconsider, and supporting documents and to ultimately conclude that the previous decision remained in effect. Mr. Daniel has not shown a viable claim for relief in this case. Because Mr. Daniel has failed to state a plausible claim for relief under the APA regarding a violation of 8 C.F.R. § 103.3, the Court dismisses his Complaint pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

## IV. Conclusion

For all the aforementioned reasons, it is hereby

**ORDERED AND ADJUDGED** that:

1.      Defendants' Motion to Dismiss **[ECF No. 9]** is **GRANTED**;

2.      This action is **DISMISSED with prejudice**;

---

[4] Decisions of the former Fifth Circuit rendered before October 1, 1981, are binding precedent on the Eleventh Circuit. *Bonner v. Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

3. The Clerk of the Court is directed to **CLOSE** this case; and

4. All pending motions are **DENIED as moot**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 30th day of September, 2015.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

cc: Magistrate Judge Turnoff
All Counsel of Record